IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **TIETTA GIBSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10CV00060 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER OF SOCIAL** | ) | United States District Judge |
| **SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Joseph E. Wolfe, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Region III; Andrew C. Lynch, Assistant Regional Counsel; Stephen M. Ball, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I do not accept the recommendation of the magistrate judge and instead will affirm the final decision of the Commissioner.

The plaintiff, Tietta Gibson, challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2006); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her report on November 17, 2011, recommending that the Commissioner's decision be vacated

and the case remanded for further consideration.  On that same day, the Commissioner filed a written objection to the report.  The plaintiff has not responded to the objection and the time has passed for such a response. *See* Fed. R. Civ. P. 72(b)(2).  Thus, the objection is ripe for decision.

I must make a de novo determination of those portions of the report to which the Commissioner objects. *See* 28 U.S.C.A. § 636(b)(1)(C) (West 2006); Fed. R. Civ. P. 72(b)(3).  Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id*.

The issue is whether the Commissioner erred in determining that the plaintiff did not meet the requirements of the listed impairment related to mental retardation.  If a claimant meets or equals a listed impairment under the Social Security regulations, it is conclusively presumed that the claimant is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987).

The mental retardation listed impairment provides in pertinent part as follows:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> ….
>
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05C (2011) ("12.05C").

The evidence before the Commissioner included three sets of IQ scores. Gibson's school records indicated that at age six, she obtained a verbal IQ score of 67, a performance IQ score of 74, and a full scale IQ score of 67. (R. at 171.)  At age 12, Gibson had a verbal IQ score of 69, a performance IQ score of 86, and a full scale IQ score of 76. (R. at 168.)  More recently, in July 2007, Gibson obtained a verbal IQ score of 80, a performance IQ score of 87, and a full scale IQ score of 82. (R. at 419-20.)   The Commissioner argues that the plaintiff's childhood IQ scores are irrelevant.

The Commissioner is correct that intelligence testing scores do not stabilize until the age of 16, and that testing administered before age 16 is valid for only a

short period of time. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.00(D)(10) (2011). Gibson's childhood IQ scores were obtained more than a quarter century ago, making them invalid at the time of the ALJ's decision. Since Gibson's adult IQ score did not come close to satisfying § 12.05C, and three examining medical sources opined that she had at least low average intelligence, the ALJ had no reason to consider whether Gibson's condition met the listed impairment for mental retardation.

Furthermore, any error the ALJ may have committed in not specifically considering Listing 12.05C is harmless because, as discussed, the evidence clearly did not support a finding of mental retardation. Consequently, remand for specific consideration of the plaintiff's impairment under Listing 12.05C would be futile. *See Barry v. Bowen*, No. 88-2026, 1988 WL 124873, at *2 (4th Cir. Nov. 21, 1988) (unpublished).

For these reasons, I will sustain the objection by the Commissioner and reject the magistrate judge's recommendation.

An appropriate final judgment will be entered.

DATED:   December 29, 2011

/s/  James P. Jones
United States District Judge